(Reap. Dec. 9904)

## T. M. DUCHE & SONS, INC. *v.* UNITED STATES

Entry No. 716738.

(Dated January 19, 1961)

*Barnes, Richardson & Colburn* (*Hadley S. King, Norman C. Schwartz,* and *Paul J. Gavin* of counsel) for the plaintiff.

*George S. Leonard,* Acting Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

MOLLISON, Judge: As the above-entitled appeal for reappraisement was originally received by this court on October 2, 1959, it consisted of a printed form issued by the Treasury Department, being customs Form No. 4305, having some, but not all, of the blanks therein provided filled in. In appearance, it was as follows:

APPEAL OF COLLECTOR OF CUSTOMS OR CONSIGNEE FOR REAPPRAISEMENT BY A JUDGE OF THE UNITED STATES CUSTOMS COURT

---

BUREAU OF CUSTOMS

District No. 10, Port of New York

August 24, 1959

To the UNITED STATES CUSTOMS COURT,
    201 Varick Street,
        New York 14, New York.

Gentlemen:

Appeal is hereby taken for a reappraisement by a Judge of the United States Customs Court from the appraisement by the United States Appraiser, in ac-

cordance with the provisions of section 501 of the Tariff Act of 1930, as amended, of certain <u>Agar Agar</u>

imported in the name of <u>T. M. Duche & Sons, Inc.</u>

via <u>Andria</u> , entered at this port on <u>July 17, 1959,</u> Entry No.

(Vessel or carrier)

CE 716738.

Respectfully,

<u> </u>
(Consignee or Agent)
117 Hudson Street,

<u> </u>
(Address)
New York 13, N.Y.

The case was regularly assigned to the writer for hearing and determination, and, on the calendar call thereof, counsel for the defendant moved to dismiss the appeal on the ground of invalidity by reason of being unsigned. The motion was opposed by counsel for the plaintiff, who filed a motion for an order of this court allowing plaintiff to perfect its appeal by signing the same, and, on July 7, 1960, order issued denying defendant's motion to dismiss and granting plaintiff's motion to amend its appeal for reappraisement by adding thereto its signature by its duly authorized agent.

On October 10, 1960, plaintiff's counsel appeared in open court with a person he stated to be William D. MacEvoy, and further that Mr. MacEvoy held "the corporate power of attorney to sign all corporate documents except protests." Upon this identification, Mr. MacEvoy was permitted by the court to write the following in the blank space above the printed words "(Consignee or Agent)" on the appeal form in this case:

T. M. Duche & Sons, Inc.,
by William D. MacEvoy, Atty.

Counsel for the defendant renewed his motion to dismiss the appeal and stated:

I would like to have the record show that this appeal was perfected on October 10, 1960, and not filed with the Collector within 30 days after the appraisement.

Further objection was made by counsel for the defendant on the ground that there was no proof of record that Mr. MacEvoy had authority to sign for and on behalf of the plaintiff, a corporation. Counsel for the plaintiff requested an adjournment in order that such proof might be offered, and the request was granted.

On the adjourned day, counsel for the plaintiff produced and offered in evidence a photostatic copy of a document bearing the words "Customs Form 5293 Treasury Department" in the upper left-hand corner and reading as follows:

573

CORPORATION POWER OF ATTORNEY

BUREAU OF CUSTOMS

KNOW ALL MEN BY THESE PRESENTS, That T. M. DUCHE & SONS, INC. a cor-
(Name of corporation)
poration doing business under the laws of the State of Delaware, and having an
office and place of business at 117 Hudson Street, New York, N.Y., hereby con-
stitutes and appoints each of the following William D. MacEvoy 408 Craig
Avenue, Staten Island 7, N.Y. Alfred T. Chestnut 33 Austin Ave., Staten Island
5, N.Y. as a true and lawful agent and attorney of the grantor named above
for and in the name, place, and stead of said grantor from this date and in
Customs District No. all, and in no other name, to make, endorse, sign, declare,
or swear to any entry, withdrawal, declaration, certificate, bill of lading, or other
document required by law or regulation in connection with the importation,
transportation, or exportation of any merchandise shipped or consigned by or to
said grantor; to perform any act or condition which may be required by law or
regulations in connection with such merchandise; to receive any merchandise
deliverable to said grantor;

To make endorsements on bills of lading conferring authority to make entry
and collect drawback, and to make, sign, declare, or swear to any sworn state-
ment, supplemental sworn statement, schedule, supplemental schedule, certifi-
cate of delivery, certificate of manufacture, certificate of manufacture and de-
livery, abstract of manufacturing records, declaration of proprietor on draw-
back entry, declaration of exporter on drawback entry, or any other affidavit or
document which may be required by law or regulation for drawback purposes,
regardless of whether such bill of lading, sworn statement, schedule, certificate,
abstract, declaration, or other affidavit or document is intended for filing in said
district or in any other customs district;

To sign, seal, and deliver for and as the act of said grantor any bond re-
quired by law or regulation in connection with the entry or withdrawal of
imported merchandise or merchandise exported with or without benefit of draw-
back, or in connection with the entry, clearance, lading, unlading, navigating, or
documentation of any vessel or aircraft owned or operated by said grantor, and
any and all bonds which may be voluntarily given and accepted by Customs
procedure; to execute, as an agent who has knowledge of the facts, pursuant to
the provisions of section 485(f), Tariff Act of 1930, as amended, consignee's and
owner's declarations provided for in sections 485(a), and 485(d), Tariff Act
of 1930, or affidavits in connection with the entry of merchandise;

To sign and swear to any document and to perform any act that may be
necessary or required by law or regulation in connection with the documenting,
entering, clearing, lading, unlading, or operation of any vessel or aircraft owned
or operated by said grantor;

And generally to transact at the Customhouses in said district any and all
customs business, except making, signing, and filing of protests under section
514 of the Tariff Act of 1930, in which said grantor is or may be concerned or
interested and *which may properly be transacted or performed by an agent and
attorney*, giving to said agent and attorney full power and authority to do any-
thing whatever requisite and necessary to be done in the premises as fully as
said grantor could do if present and acting, hereby ratifying and confirming all
that the said agent and attorney shall lawfully *do by virtue of these presents*;
the foregoing power of attorney to remain in full force and effect until cancelled
the _____ day of _____, 19____, or until notice of revo-
cation in writing is duly given to and received by the Collector of Customs of the
district aforesaid.

IN WITNESS WHEREOF, the said corporation has caused these presents to be sealed and signed by its ___President___ City of New York, State of New York, this 6th day of January, 1958.

___4525 Henry Hudson Parkway, N.Y.C.___          ___T.M.Duche & Sons, Inc.___
(Home address)

___R. Kaiser___
[Over] Pres.

Certification on back of this document must be made in all cases

[Matter in italics quoted.]

Counsel for the defendant objected to the admission in evidence of the foregoing which was marked plaintiff's exhibit 1 for identification, on the grounds that it is expressly and impliedly limited to acts in connection with necessary business of the principal with the collector of customs, and does not include authority to sign documents or pleadings in connection with appeals for reappraisement before the United States Customs Court.

In view of the seriousness of the matter, time was allowed counsel for the parties to file briefs on the question, and these now being before me, I will proceed to a determination of the admissibility of plaintiff's exhibit 1 for identification and its sufficiency as proof of the authority of Mr. MacEvoy to sign the instant appeal for reappraisement in the name of the plaintiff.

As part of the argument contained in the brief filed on behalf of the defendant, it is contended that the document originally filed with the collector and transmitted to this court was not a valid appeal for reappraisement, and that the act of the court in allowing the document to be signed approximately a year after its original filing permitted "the importer to file an appeal for reappraisement subsequent to the expiration of the statutory period." Under such circumstances, it is contended, the appeal was not filed within the 30-day period after notice of appraisement, prescribed by section 501(a), as amended, and, in effect, the court is asked to reverse its ruling of July 7, 1960, and dismiss the appeal as untimely.

Inasmuch as this matter is bound up in the determination which I have heretofore made to the effect that as originally filed with the collector and transmitted to the court the document in question was a valid and subsisting appeal for reappraisement, having only a defect of form curable by amendment, I will adhere to the ruling made on July 7, 1960, and the present ruling will be concerned only with the admissibility as evidence of the power of attorney, plaintiff's exhibit 1 for identification, and its sufficiency as proof of the fact that agency existed in the signer of the appeal, Mr. MacEvoy, with power to act for the plaintiff corporation in the signing and filing of appeals for reappraisement.

It seems clear from a reading of the copy of the power of attorney, plaintiff's exhibit 1 for identification, that it was intended to confer

upon Mr. MacEvoy the powers of an agent of T. M. Duche & Sons, Inc., with respect to the customs business of that corporation in any customs district of the United States. The question at issue would appear to be whether the signing and filing of an appeal for reappraisement is "customs business" of the principal within the scope of the granted power.

I am of the opinion that it is. While appeals for reappraisement, perforce, are considered pleadings in this court, being the documents which invoke the jurisdiction of the court in the matters, in practice, they actually take the form of a request for reappraisement by a judge of this court, and do not set forth any specific allegations of fact upon which the filing party bases his claim. Presumably, they are filed with the collector rather than with the court for the reason that they serve to notify that officer that the appraisement has been challenged in order that he may not proceed to liquidation under the appraisement.

Section 501(a) of the Tariff Act of 1930, as amended, *supra*, is headed "NOTICE OF APPRAISEMENT—REAPPRAISEMENT" and treats in the one paragraph of the notice of appraisement which the collector is required to deliver or mail to "the consignee, his agent, or his attorney" and goes on to fix the time within which, after the delivery or mailing of such notice, "the consignee or his agent" may file an appeal for reappraisement with the collector. It is apparent from the treatment of the two phases of importing merchandise in the one paragraph—notice of appraisement and filing appeal for reappraisement—that the statute contemplates that as an incident to the mailing and delivery of notice of appraisement, litigation seeking reappraisement of the merchandise may ensue.

It is my view, therefore, that, in the sense and context of the particular statute here involved, the receiving of notice of appraisement and the filing of appeals for reappraisement (both of which acts are expressly permitted to be performed by agents of consignees) are part of the "customs business" of the consignee in which, under the power of attorney here involved, the agent was empowered to act for his principal. Certainly, the signing of an appeal for reappraisement is not so significantly outside the realm of "customs business" as to require the granting of separate or specific powers by a principal to an agent.

The act of signing and filing the simple request for a reappraisement by an agent of a corporate principal is not the practice of law (*Bemis Bro. Bag Co.* v. *United States*, 59 Treas. Dec. 169, T.D. 44558), but only the initiating procedure which by statute, custom, and usage invokes the judicial remedy of reappraisement granted to consignees of imported merchandise who are dissatisfied with the appraiser's return of value. When performed by an agent of the

consignee, as in the case at bar, it is no more than the doing of an act, on behalf of the principal, which the latter might do for himself in connection with the customs phases of an import transaction.

No objection has been raised by counsel for the defendant on the ground that the offered document is a photostatic copy of the corporate power of attorney on file in the collector's office, or that the person who was permitted to sign the appeal in open court was not the person named in the document. For reasons hereinbefore given, I overrule the objection of counsel for the defendant to the admission in evidence of plaintiff's exhibit 1 for identification, admit the same in evidence as plaintiff's exhibit 1 and direct the clerk so to mark it, and hold that it authorizes Mr. MacEvoy to perform the act of signing which cured the formal defect in the appeal for reappraisement in this case.

In accordance with the order heretofore made on November 14, 1960, the case will appear on my reappraisement calendar of February 1961 for further disposition.

It is so ordered.