(A.R.D. 170)

UNITED STATES *v.* T. M. DUCHE & SONS, INC., ET AL.

Entry No. 716738, etc.

Second Division, Appellate Term

(Decided March 31, 1964)

*John W. Douglas*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the appellees.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The United States has filed this application for review of the decision and judgment of the court below. *T. M.*

*Duche & Sons, Inc.*, *et al.* v. *United States*, 49 Cust. Ct. 377, Reap.
Dec. 10325.

The five appeals for reappraisement referred to below were con-
solidated for trial and judgment was entered in favor of the importers.

As the case comes before us, the Government has abandoned its
application for review as to reappraisement appeals R58/27517,
R59/4097, R59/7103, and R59/11788, so that this proceeding now re-
lates only to reappraisement appeal R59/15244.

By assignment of errors, the Government contends that the trial
court erred as follows:

1. In finding and holding that the Court properly permitted the importer to
execute and file an appeal for reappraisement in Reappraisement No. R59/15244
more than 30 days after appraisement, which was contrary to the provisions of
section 501 of the Tariff Act of 1930, and in not finding and holding to the
contrary.

2. In finding and holding that the Court had jurisdiction to hear and deter-
mine the correct dutiable value of the merchandise in Reappraisement No.
R59/15244, and in not finding and holding that the Court had no jurisdiction to
hear and determine the correct dutiable value of the merchandise in Reappraise-
ment No. R59/15244 because no appeal for reappraisement was filed in accord-
ance with law.

3. In finding and holding that Exhibit 1, relative to Reappraisement No.
R59/15244, was admissible in evidence, and in not finding and holding to the
contrary.

It appears from the record below that this case was originally tried
before the late Judge Mollison and, at that time, a motion was made
before him to dismiss the appeal on the ground of invalidity, by
reason of being unsigned. The motion was denied, without opinion,
in an unpublished order, filed July 7, 1960. The order further
granted plaintiff's motion to amend said appeal for reappraisement
"by adding thereto its signature by its duly authorized agent upon
the next docket call."

In appearance, the appeal, as originally filed within the statutory
period provided for in section 501(a) of the Tariff Act of 1930, as
amended, was as follows:

APPEAL OF COLLECTOR OF CUSTOMS OR CONSIGNEE FOR REAP-
PRAISEMENT BY A JUDGE OF THE UNITED STATES CUSTOMS COURT

BUREAU OF CUSTOMS

DISTRICT No. 10, Port of New York
August 24, 1959

To the United States Customs Court,
    201 Varick Street,
        New York 14, New York.

Gentlemen:

Appeal is hereby taken for a reappraisement by a Judge of the United States
Customs Court from the appraisement by the United States Appraiser, in ac-

cordance with the provisions of section 501 of the Tariff Act of 1930, as amended, of certain Agar Agar imported in the name of T. M. Duche & Sons, Inc. via Andria, entered at this port on July 17, 1959. Entry No. CE 716738.
(Vessel or carrier)

Respectfully,

(Consignee or Agent)

117 Hudson Street,

(Address)

New York 13, N.Y.

The opinion of Judge Mollison, *T. M. Duche & Sons, Inc.* v. *United States*, 46 Cust. Ct. 571, Reap. Dec. 9904, recites—

On October 10, 1960, plaintiff's counsel appeared in open court with a person he stated to be William D. MacEvoy, and further that Mr. MacEvoy held "the corporate power of attorney to sign all corporate documents except protests." Upon this identification, Mr. MacEvoy was permitted by the court to write the following in the blank space above the printed words "(Consignee or Agent)" on the appeal form in this case:

T. M. Duche & Sons, Inc.,
by William D. MacEvoy, Atty.

Counsel for the defendant renewed his motion to dismiss the appeal and stated:

I would like to have the record show that this appeal was perfected on October 10, 1960, and not filed with the Collector within 30 days after the appraisement.

Further objection was made by counsel for the defendant on the ground that there was no proof of record that Mr. MacEvoy had authority to sign for and on behalf of the plaintiff, a corporation. Counsel for the plaintiff requested an adjournment in order that such proof might be offered, and the request was granted.

At a subsequent hearing, plaintiff offered in evidence a photostatic copy of a document identified as "Customs Form 5293 Treasury Department" and entitled "Corporation Power of Attorney, Bureau of Customs" (plaintiff's exhibit 1) which reads in part—

KNOW ALL MEN BY THESE PRESENTS, That T. M. Duche & Sons, Inc. a corpora-
(Name of corporation)
tion doing business under the laws of the State of Delaware, and having an office and place of business at 117 Hudson Street, New York, N.Y., hereby constitutes and appoints each of the following William D. MacEvoy 408 Craig Avenue, Staten Island 7, N.Y. Alfred T. Chestnut 33 Austin Ave., Staten Island 5, N.Y. as a true and lawful agent and attorney of the grantor named above for and in the name, place, and stead of said grantor from this date * * *.

The document was accepted by the court as sufficient proof of the fact that agency existed in Mr. MacEvoy, the signer of the appeal, with power to act for plaintiff corporation and duly authorized to sign the appeal for reappraisement herein and thereby cured what the court apparently regarded as a defect in form but not of substance.

The court expressed the opinion that "While appeals for reappraisement, * * * are considered pleadings in this court, * * * in practice, they actually take the form of a request for reappraisement by a judge of this court, and do not set forth any specific allegations of fact upon which the filing party bases his claim." (See section 501(a), Tariff Act of 1930, as amended.)

It was observed that appeals are filed with the collector, rather than with the court, in order to notify that officer that the appraisement was not final and that liquidation of the entry would not be in order.

Although appellant herein assigns error to the admissibility in evidence of exhibit 1, the point is not now pressed, and we deem it to have been abandoned.

We now turn our attention to the question whether the appeal, as originally filed with the collector, was a valid appeal.

In his opinion in Reap. Dec. 9904, *supra*, wherein Judge Mollison was considering the admissibility of plaintiff's exhibit 1, he made the following statement:

As part of the argument contained in the brief filed on behalf of the defendant, it is contended that the document originally filed with the collector and transmitted to this court was not a valid appeal for reappraisement, and that the act of the court in allowing the document to be signed approximately a year after its original filing permitted "the importer to file an appeal for reappraisement subsequent to the expiration of the statutory period." Under such circumstances, it is contended, the appeal was not filed within the 30-day period after notice of appraisement, prescribed by section 501(a), as amended, and, in effect, the court is asked to reverse its ruling of July 7, 1960, and dismiss the appeal as untimely.

Inasmuch as this matter is bound up in the determination which I have heretofore made to the effect that as originally filed with the collector and transmitted to the court the document in question was a valid and subsisting appeal for reappraisement, having only a defect of form curable by amendment, I will adhere to the ruling made on July 7, 1960, * * *.

As previously pointed out, the ruling of July 7, 1960, was an order dismissing the Government's motion to dismiss the appeal on the ground of invalidity.

The issue presented here is not a new one. More than 40 years ago, in *La Manna, Azema & Farnan* v. *United States*, 41 Treas. Dec. 292, T.D. 39114 (1922), the late Judge Brown held that an appeal for a reappraisement, not signed at the bottom thereof, brought in the name of La Manna, Azema & Farnan, was sufficient to invoke the jurisdiction of the court.

It appears, from the opinion of the court, that the appeal for a reappraisement in the *La Manna* case was similar in form to the appeal in the instant case, in that the name of the importer appeared in the body of the appeal and that the importer's street address appeared under the blank signature line. The court said that it was perfectly

plain from the language of the appeal itself "* * * whose appeal it is. It is clearly stated to be the appeal of La Manna, Azema & Farnan in the body of the instrument. No extrinsic evidence is required to earmark it as their appeal. It would be closing one's eyes to say it did not appear whose appeal it was."

Further, the court said, "There can be no presumption that a stranger or interloper would file an appeal to reappraisement to procure the refund of a deposit in which he was not pecuniarily interested. We must therefore presume that it is the appeal of the person from whom by the language of the instrument itself it purports to come."

The court also stated—

A legal instrument does not have to be signed at the bottom of the paper. We are inclined to think no signature is required; the statute does not expressly say the appeal must be signed. But in any event the statement in the body of the instrument including the name of the importer may be treated as a signature.

In *Friedr. Bayer & Co. et al.* v. *United States*, Reap. Circ. 32082 (1922), Judge Brown again held that an appeal for a reappraisement, not signed at the bottom thereof, was valid. In his opinion, he stated that the appeal papers were entitled, "Importer's notice to Collector claiming reappraisement." The document specified the entry number and that the goods were "imported by Lunham & Moore." It also contained the name of the steamer and the port from which the merchandise was shipped and, at the bottom, appeared the address of the importer. The record, in that case, disclosed that Lunham & Moore was the customs agent of the importer, Commonwealth Color & Chemical Co.

It was the opinion of the court that, from the language of the instrument itself, the appeals there involved purported to come from Lunham & Moore.

In the course of its opinion, in the *Bayer* case, the court referred to *Allison* v. *United States*, 11 Ct. Cust. Appls. 297, T.D. 39126 (1922), wherein it was concluded that "a protest absolutely without a signature of any kind would be invalid." And held, further, that the instrument there involved, which did not "contain within its four corners the name of either the owner, importer, consignee, or agent of the merchandise, or of any other person" was not a valid protest.

Judge Brown, in the *Bayer* case, *supra*, quoted from the above-cited *Allison* case as follows:

The next question which presents itself is whether the protest now in question actually bore a signature of any kind. An inspection of the protest discloses the fact that no name of any person whatsoever appears upon the face of the instrument. The importation is therein referred to by its entry number, the railroad transporting it, the date of the entry, the time of the liquidation, and the marks upon the shipment. But the protest does not contain within its four

corners the name of either the owner, importer, consignee, or agent of the merchandise, or of any other person. * * *

It was the court's opinion, in the *Bayer* case, that the language of the appeals there in question, to which reference has been made above, amounted to a signature, and the court so held.

Consideration has been given to the various other cases cited by the parties in their briefs. The factual situations therein contained are considered to be distinguishable and the conclusions therein reached have little, if any, bearing on the case before us.

Following the decision of this court in the *La Manna* and *Bayer* cases, *supra*, and the reasoning of our appellate court in the *Allison* case, *supra*, inasmuch as the appeal for the reappraisement in issue contains "within its four corners" the name of the importer (T. M. Duche & Sons. Inc.), in addition to the entry number, the name of the steamer, and the date of entry, we are of the opinion that it constitutes a valid appeal for a reappraisement, and, having been filed with the collector within 30 days after receipt of written notice of appraisement, as required by section 501(a) of the Tariff Act of 1930, as amended, it is sufficient to invoke the jurisdiction of this court.

Accordingly, the decision and judgment of the trial court holding and considering appeal for a reappraisement R59/15244 to be a valid appeal is affirmed. Insofar as the application for review relates to appeals for a reappraisement R58/27517, R59/4097, R59/7103, and R59/11788, which have been abandoned by appellant, the application for review is dismissed.

Judgment will issue accordingly.