(R.D. 11275)

HERSEY OF CANADA, LTD. *v.* UNITED STATES

Entry Nos. F–4935; F–3071; F–2032.

(Decided March 21, 1967)

*Sharretts, Paley & Carter* (*Howard C. Carter* of counsel) for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General (*Samuel D. Spector* and *Arthur E. Schwimmer*, trial attorneys), for the defendant.

RAO, Chief Judge: These appeals for reappraisement, consolidated for trial, are presently before the court on a motion by defendant to dismiss them on the ground that they were not filed by the proper party as provided by section 501 of the Tariff Act of 1930, as amended (19 U.S.C., section 1501).

Said section provides:

(a)   The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * *filed by the consignee or his agent* with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * * [Italics supplied.]

The merchandise involved herein consists of knitted or crocheted headwear manufactured by Hersey of Canada, Inc. (also referred to as Hersey of Canada, Ltd.), a family-owned corporation. It was sold on consignment to Sazu Corp. whose president is Mrs. Sally Zuller, mother-in-law of Ed Hersey, a director and vice president of Hersey of Canada, Inc. Entry was made at the port of Champlain, N.Y., by F. W. Myers & Co., Inc., for the account of Sazu Corp. of Brooklyn, N.Y., in August and September of 1964. No owner's declaration was filed. The entered values were advanced by the appraiser and notices of appraisement were delivered to F. W. Myers & Co., Champlain, N.Y., in August of 1965. Thereafter, purported appeals for reappraisement were filed by "HERSEY OF CANADA, LTD. (Consignee or Agent) By: SHARRETTS, PALEY & CARTER, Attorneys." The merchandise covered was described in the documents as that "imported in the name of F. W. Myers & Co. c/o [or a/c] of Hersey of Canada Ltd."

Mr. Ed Hersey, who was called as a witness, was not interrogated as to his authority to file the appeals, and he did not state that he or his firm had been authorized to file them. Mrs. Zuller testified that when she was notified that "this is going to come up," she telephoned her son-in-law and authorized Hersey of Canada, Inc., to file the appeals. Just when this conversation took place is unclear from the testimony.

It is evident that Hersey of Canada, Inc., was not the consignee of the merchandise as that term is defined in the tariff act. See sections 483 and 484 of the Tariff Act of 1930, as amended. Plaintiff claims, however, that it was acting as agent for the consignee and had the right to file the appeals in that capacity.

In *Wilmington Shipping Company* v. *United States*, 52 CCPA 76, C.A.D. 861, merchandise was shipped by United Plywood Company and consigned to Wilmington Shipping Company for the account of either Thomason Plywood Corp. or Thomason Sales Co. Certain letters written by United Plywood were claimed to be appeals for reappraisement. It was held that, although United Plywood had a contractual obligation with the purchasers to pay the duty, it was the seller and not the consignee and could not be regarded as the agent of the consignee. The court stated:

The consignee, as the one liable to the Government for payment of the duties, was also the one to whom the Government would be expected to look for notice of an appeal in the absence of action advising it that United Plywood was authorized to act as agent. We therefore agree with the Appellate Term in its conclusion:

* * * An interpretation of the term "consignee's agent" as broad as that contended for herein by appellant would open the door for protracted litigation waged by persons who have no financial interest in the outcome of the proceedings, or who are not before the

court or within its jurisdiction, or even subject to its process and mandates. Obviously, Congress did not intend that such should be the case under section 1501, *supra*, in view of the delimiting choice of words with which it enacted the statute.

In the instant case, Hersey of Canada, Inc., was the exporter and consignor of the merchandise. It did not make entry of the merchandise and was not liable for payment of duty. It is located in Montreal, outside the jurisdiction of the court. Notice of appraisement was delivered to F. W. Myers & Co., Inc., which firm had entered the merchandise for the account of Sazu Corp. The evidence that Hersey of Canada, Inc., was actually appointed by the consignee as an agent to file these appeals is unconvincing.

In view of the decision in *Wilmington Shipping Company* v. *United States*, *supra*, and the record presented, I find that these appeals for reappraisement were not filed by the consignee or its duly authorized agent within the meaning of section 501 of the Tariff Act of 1930, as amended, and must be dismissed.

Judgment will be entered accordingly.