(A.R.D. 234)

HERSEY OF CANADA, LTD. *v.* UNITED STATES

Entry Nos. F–4935; F–3071; F–2032.

Third Division, Appellate Term

(Decided February 6, 1968)

*Sharretts, Palcy, Carter & Blauvelt* (*Howard C. Carter* of counsel) for the appellant.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Arthur E. Schwimmer,* trial attorney), for the appellee.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: This application for review was filed by the plaintiff-appellant seeking a review of the decision and judgment of a single judge sitting in reappraisement in *Hersey of Canada, Ltd.* v. *United States,* 58 Cust. Ct. 629, R.D. 11275, and dismissing the subject reappraisement appeals on the motion of the Government.

The appeals herein involve the construction of the words "consignee or his agent" as these words are used in 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930, as amended), on the question of the capacity of the appellant to file and prosecute reappraisement appeals authorized in that statute. The record below shows that appellant is the foreign exporter and consignor of the merchandise at bar. When the case was called for trial, counsel for the Government moved for a dismissal of the appeals upon the ground of non-compliance with section 1501 by reason of the appeals not having been filed by the consignee or the agent of the consignee. Decision on the motion was reserved by the trial judge and trial ensued, subject, however, to a primary ruling by the trial court on the jurisdictional issue presented in the Government's motion.

The trial court, in its decision, ruled against the appellant on the jurisdictional question, and did not reach the merits of the controversy, which ruling has resulted in the filing of the instant application for review. In its opinion the trial court stated:

It is evident that Hersey of Canada, Inc., was not the consignee of the merchandise as that term is defined in the tariff act. . . .

\* \* \* \* \* \* \*

In the instant case, Hersey of Canada, Inc., was the exporter and consignor of the merchandise. It did not make entry of the merchandise and was not liable for payment of duty. It is located in Montreal, outside the jurisdiction of the court. Notice of appraisement was delivered to F. W. Myers & Co., Inc., which firm had entered the merchandise for the account of Sazu Corp. The evidence that Hersey of Canada, Inc., was actually appointed by the consignee as an agent to file these appeals is unconvincing.

In view of the decision in *Wilmington Shipping Company* v. *United States, supra* [52 CCPA 76, C.A.D. 861], and the record presented, I find that these appeals for reappraisement were not filed by the consignee or its duly authorized agent within the meaning of section 501 of the Tariff Act of 1930, as amended, and must be dismissed.

Much argument is devoted by counsel for appellant in their briefs below and here and on oral argument before us to the proposition that

the appeals herein have been properly executed and that counsel is duly authorized to file them on behalf of their client. However, as we view the case there is no issue or question as to the legal sufficiency of the instruments of appeal. Indeed, counsel for the appellee concedes this point in appellant's favor. The issue here is as to the legal capacity of Hersey of Canada, Ltd., to file the appeals as the agent of the consignee.

There is no question of the fact that with respect to the instant merchandise and entries Hersey of Canada is the exporter, owner, and consignor, that Sazu Corporation is the ultimate consignee, that F. W. Myers & Co. is the nominal consignee who made entry, and that no owner's declaration was filed. The sole evidence in the record on the matter of the consignee's agent is the testimony given at the trial by one Sally Zuller, president and sole owner of Sazu Corporation, the ultimate consignee of the involved merchandise. On direct examination Mrs. Zuller testified that she authorized Hersey of Canada to file reappraisement appeals on the involved entries in the course of a telephone conversation with her son-in-law, Ed Hersey, the vice president of Hersey of Canada. On cross-examination Mrs. Zuller testified that she did not remember whether the appeals were already filed when she discussed the matter over the telephone with her son-in-law, that she had called to tell him that customs agents had come to her house to discuss the shipment, and to ask him what it was all about, and that this was the extent of the conversation.

The trial court was not impressed by this testimony given by Mrs. Zuller on the matter of the agency appointment; and neither are we. In fact, Mrs. Zuller's testimony is conflicting or at the very least confusing.

We think that the overriding consideration here which militates against the claimed agency is that an agency appointment by Sazu Corporation would be ineffectual to empower Hersey of Canada or anyone else to file reappraisement appeals affecting the involved entries. It is quite true that Sazu was the ultimate consignee of the involved merchandise in the commercial sense of the word "consignee." But Sazu did not enter the merchandise and was not liable to the Government for duties accruing on such merchandise. The party undertaking such burden and assuming such liability here was F. W. Myers & Co., Inc., the nominal consignee. Consequently, Myers was the "consignee" of the involved merchandise for tariff purposes, and was the party owning the right to file reappraisement appeals against the involved entries if it were so advised, or to appoint another to do so as agent if it were so advised. *Wilmington Shipping Company* v. *United States*, 52 CCPA 76, C.A.D. 861. And so far as this record is concerned Myers did not elect to pursue either course open to it.

The statutory remedy of appeal from an administrative determination of value affecting imported merchandise is concentrated exclusively in section 1501 which reads in relevant part:

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for reappraisement is filed . . . by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. . . .

Section 1501 links the administrative valuation proceeding inextricably with the provision for judicial review of such administrative proceeding, and what is more, even provides a means by which principals involved in such administrative proceedings (consignee, his agent or his attorney) may anticipate and prepare for ensuing judicial review by compelling the appraiser under specified conditions to give them notice of appraisement. "The act of signing and filing the simple request for a reappraisement . . . is . . . the initiating procedure which by statute, custom, and usage invokes the judicial remedy of reappraisement granted to consignees of imported merchandise who are dissatisfied with the appraiser's return of value." *T. M. Duche & Sons, Inc.* v. *United States*, 46 Cust. Ct. 571, 575, Reap. Dec. 9904.

Inasmuch as the purpose of section 1501 is to afford a judicial remedy to persons aggrieved by administrative valuation determinations affecting imported merchandise, it is clear that such remedy is not available to persons who are not involved in an entry transaction and have made no financial commitment to or involvement with the Government therein. *United States* v. *C. J. Tower & Sons*, 24 CCPA 456, 459, T.D. 48912. In fact, Sazu could not even qualify to acquire "all the rights of a consignee" with respect to the imported merchandise, not being the *actual owner* of such merchandise. See 19 U.S.C.A., section 1485(d). Thus, a consignee in a commercial sense is not, without more, a consignee in a tariff sense. As such, Sazu, possessing no authority to file reappraisement appeals affecting the involved entries as "consignee" within the meaning of section 1501, could not legally appoint someone else to file the appeals as agent. And the agent under such void appointment could derive no valid authority to act thereunder.

Even assuming that there had been clear and convincing evidence of the appointment of Hersey as a consignee, it is submitted that since it is the foreign exporter of the merchandise it could not be regarded

as the agent of the consignee within the meaning of section 1501 of Title 19 of the U.S.C.A. *Wilmington Shipping Company* v. *United States, supra.*

It follows, therefore, that Hersey of Canada had no valid right to file reappraisement appeals covering the involved entries by virtue of any appointment from Sazu Corporation. Consequently, the dismissal of the instant reappraisement appeals was proper, and the judgment of the trial court in this respect is affirmed.

Judgment will be entered accordingly.